Good morning, your honors. My name is Nick Sarkoen. I represent Mr. Tommy Collins. I represented him in the district court as well. The issue in this case is whether the government breached the bargain for terms of the plea agreement by introducing or offering evidence and advocacy of the pre-plea conduct of Mr. Collins to support enhancements that it agreed not to and that it stipulated that it would not advocate for the application of in the plea agreement. And I think it's helpful to start with where the district court got it wrong in our view. And in denying my motion at the district court to enforce the terms of the plea agreement, the district court said, so that's how I see the lay of the land. I don't see that the government has breached the plea. I don't believe they have. I'm not going to deny that I don't believe the government has breached the plea. I think that they saw a crack in the door that the defendant made and they stormed through it with everything they had. And I think that's really where the district court got it wrong. Because there's a lot of murky issues about what is or is not a violation of a plea agreement. But the one thing that's pretty clear in the case law is you can't storm through with everything you have. You cannot use the pre-plea conduct when you've stipulated away enhancements like obstruction of justice. You cannot use the pre-plea conduct to come back and then advocate for those things. And I think in this case, the most significant breaches occur with the government sentencing memorandum. In the government sentencing memorandum, the government actually offers the transcripts and the audio of the pre-plea phone calls which form the basis for the obstruction of justice enhancement that the probation office found in the pre-sentence report. And Mr. Collins had objected to the characterization of the calls in the pre-sentence report and his objections to the pre-sentence report. And yet the government then comes back knowing full well that they've formed the basis for the obstruction of justice enhancement and offers the actual calls themselves. And that was a breach of plea. And then what they do is they say, well, we think they're relevant towards the 3553A factors. We think they're part of relevant conduct. Except that they had already stipulated and bargained out that information when they made the agreement with Mr. Collins that they weren't going to pursue the obstruction of justice enhancement. Counsel, was it all pre-plea conduct? And why I'm asking that is because there seemed to be even more focus rather than on the witness, which I understand to be, was that pre-plea as well? Talking to a witness who had the order of protection? Yes. So it's a bit confusing. Even at the time it was confusing for me. But there are three different witnesses. There's minor victim B who is the actual victim in the case. There is victim 1 who is not related to, not in the biological sense, but related to minor love interest of Mr. Collins. And so the pre-plea conduct involved the phone calls, I think pretty much with all three of them. The post-plea conduct was only calls to SM. And SM was a potential witness at trial and then a theoretical government witness at sentencing. But the issue there, and I really identified it at the sentencing hearing, was that the government wanted to make a big production out of an assault that had occurred in Linn County, Iowa prior to this case ever happening between SM and Mr. Collins. Was there an order of protection of some sort for SM? Yes. There was an order of protection. There was a state order of protection. And then subsequently there was a federal order of protection. But those items, even in the case if, so our position is that they don't constitute obstruction of justice and they don't constitute a lack of acceptance or responsibility. But even if they did, the government would be allowed to argue that those things, those two calls that occurred, or four calls depending on what part of the transcript you're at, could qualify for those enhancements, right? But they can't go back and throw the kitchen sink at them. I know. But it seems like the primary, maybe I'm missing something, but the primary thrust of it was these calls, these post-plea calls, because of the order of protection. And then also, I think there were 50 objections or something that were filed, some of which he had already accepted responsibility for in the plea. So he was trying to argue that, no, I didn't do those things. And it seems to me that that's enough for the government to come in and then say, and not breach the plea agreement and say, no, you didn't do what you were supposed to in the plea agreement. I think the government could have done that. I don't disagree with you. I mean, I think that there were valid reasons for some of the objections, specifically in regards to the undue influence enhancement. And then some of the objections were just sort of things that weren't really relevant to sentencing at all. They were just little pieces of the whole puzzle that had happened, the whole course of conduct. When we made some of the preserve issues related to the breach of plea, but the one thing was the cocaine and whether or not he had provided the minor victim with cocaine. And of course, he had stipulated to that in the plea agreement. Yes, the government could have come in, and to answer your question, the government could have come in and said, hey, there were four calls in violation of our protective order and you guys objected to way too many things. And therefore, we think we are okay saying you shouldn't get acceptance or responsibility. Now, nowhere in the plea does they say that any post-plea conduct can allow them to recommend obstruction. It doesn't actually say that in the plea anywhere. It just says that they can refuse to go for acceptance. So yes, they could have done that. Unfortunately, they didn't do just that. Well, and your argument then is that they added to that. They not only talked about those things, but they talked about all these other pre-plea things too. Am I understanding the argument correctly? Yes. And you're not arguing that if your client had performed an actual provable act of obstruction post-plea, that somehow they couldn't raise obstruction at that point, right? I mean, if they bribed a witness to be out of the country or something, right? And so what we're really talking about is that there's a limitation here. And the limitation is if you didn't accept, we look at the things you did after the plea, which undermines acceptance, and we look at those things that might be obstructive. And if, in fact, there's four phone calls and they want to argue that's obstruction, they could have. It's just the sort of going to all the things that they already knew about before. And that's where the error is. And then given our case law, your argument is essentially that at that point, the judge's hands are tied, right? The judge has to find when they throw in the other stuff, the judge has to say, either there's no plea agreement or whatever, but whatever the deal is, I'm not the judge. That's correct, Your Honor. Let me ask you about that. So let's suppose we agree that there was a breach of the plea agreement as to the obstruction issue. Our case law seems to be maybe a little unsettled as to whether that can be cured and as to whether harmless error can be applied to the analysis. What do you think the case law says? I believe the case law says that a harmless error analysis is not applicable. And I think the Mosley case has the better of. I agree with you, Judge, that there are varying pronouncements in some of the panel opinions. But I do think the Mosley case analyzes the issue fairly well and goes back to Santabello and essentially says, look, it really doesn't matter if it had an effect on the district court judge or not. I mean, here the judge is a well-seasoned, very smart judge and, of course, said I'd have given him the same sentence anyway, no matter what, and held him to its bargain. So it appears that it didn't have any effect on the judge. But I think that... What about curing? I think the case law is that once the breach happens, the breach has happened and there's no real way to cure it. In any case, I think in this case they didn't fully cure it. Well, there is, in fact, a way to cure it, and that is ratification by both sides, right? You could have a situation where the government says, you're right, we shouldn't have done that. That does appear to be in breach of our agreement. We're still willing to stand by the same agreement. The defense lawyer can stand up and say, we're willing to accept that. And that's a cure that's acceptable, right? I think that would be. If the defendant went along and said, yep, they didn't do that, but we're okay with everything that's going on, absolutely. I think absent that, and that didn't happen in this case... Well, the judge was making... What's really hard here is the judge is trying to push the government back to where she believes the government's supposed to be, and keep saying, I'm not going to consider that, I'm not going to consider that. And the government never rises to the... Never grabs the hint. They don't understand that they have a real problem here. Notwithstanding, the judge kind of trying to say, well, I don't think it's really a problem, but if it is a problem, I'm ignoring it anyhow, right? I think that's absolutely right. And I think the reason there's not a harmless error analysis in these cases generally is, I mean, the district court has now been presented with some information that it shouldn't necessarily have been presented with from the government, right? And so we don't really know what impact we had. We know that the judge did everything she could, but she's already heard and seen things now that weren't supposed to be. But what if the district court said, you know what, government, you can't do any of this pre-plea stuff. I understand you're arguing this, but I'm just going to ignore that. I'm going to go straight to the post-plea stuff. And that to me is sufficient, you know, to reduce the acceptance of responsibility reduction or not to give it. I know that didn't happen here, but wouldn't that kind of cure the problem? I think that once the government has breached, then the remedy is sentencing in front of a different judge, right? So in this case, they breached well before we ever got to the court. I think once that breach happens, the case law is it's basically per se, you go to sentencing in front of a different court, a different judge, and that's what the judge should have done in this case or allowed Mr. Collins to take back his plea. Yeah, because there's a contract remedy here, which is that there is no plea agreement. It's been breached. You do what you want, Mr. Defendant. And you know, you can, you know, like enforce your contract remedy, which is to set aside the contract. Or you can say, I'm going to enter, I'm going to condone the breach, condemnation, and say, as long as the judge isn't going to consider this, I'm still okay, right? I mean, but our case law kind of seems, and this has troubled me when I was a district judge, is case law does kind of seem to leave you in a position where as soon as the judge perceives one of these breaches has taken place, you're kind of supposed to throw up your hands and walk out. And you might not be surprised that that is not something trial judges generally do with great enthusiasm in cases that they've been hanging around with for a long time. Not surprised at all, in the least. I would reserve the remaining time for rebuttal. May it please the court. This court should affirm Mr. Collins' convictions in the district court's ruling that there was no breach here. As an initial matter, I do want to correct one thing in the government's brief. The government's brief said this court should be reviewing plain error. I think it's clear here this court should be reviewing de novo. But regardless, the outcome should be the same. Mr. Collins bargained for certain things. He agreed that the government would recommend certain things at sentencing, and there are specific provisions in the plea agreement to that effect. But he also bargained for other specific provisions. Provisions that govern the presentation of information to the probation office and to the district court. And the government here stood by its recommendations at sentencing, and it stood by its obligation to provide information to the probation office and district court pursuant to the plea agreement. The district court concluded there was no breach and we don't have a breach here. I think the best way to analyze these alleged breaches is to start at the very beginning. And I'll do that by focusing on the alleged breaches about information provided to the probation office. First of all, there was no breach by providing information to the probation office. Paragraph 14 of the plea agreement provides, quote, the parties are free to provide all relevant information to the probation office for use in preparing a pre-sentence report. That language mirrors Federal Rule of Criminal Procedure 32D, which provides that a pre-sentence report should identify all relevant factors to sentencing. And so at that point, the government was free to provide all relevant information to the probation office. Information about pre-plea behavior, potential undue influence, all relevant information. And another reason that suggests that that provision, paragraph 14, is extremely broad is paragraph 15. Paragraph 15 says that the government, whatever comment and evidentiary offer they deem appropriate at the time of sentencing, provided that such offer or comment not violate any other provision of this plea agreement. So just by looking at those two provisions juxtaposed against each other, it's clear paragraph 14 is very broad. And so at that point, providing offense conduct statements to the probation office as the government was required to do by administrative order and local rule, the government could offer pre-plea information. And it did, but there wasn't a breach by doing that. Nor was there a breach by informing the probation office at various times that the government would seek obstruction or would deny acceptance. And the reason for that is that the provisions about recommending obstruction and recommending acceptance were not unconditional provisions. Paragraph 12G concerns obstruction and that limited the recommendation to no obstruction in the, quote, investigation or prosecution of the offense. And if you look at United States Sentencing Guidelines, section 3C1.1, that provision governing obstruction concerns investigation, prosecution, or sentencing. And so the plea agreement provision left out the sentencing language, thus allowing the government to seek obstruction based on post-plea conduct. And if you look at docket 414, page 60 to 61, this is the government's April 1st, 2020 offense conduct statement. So it's second. What about the pre-plea conduct? That seems to me to be a big problem. I mean, if you enter in an agreement with the defendant, the defendant, I think, can safely assume without a provision to the contrary that, hey, anything I did before is encompassed within this plea agreement and it won't disrupt the terms. So in regard to the pre-plea conduct, I believe almost entirely, if not entirely, the pre-plea conduct in the offense conduct statement came in the very first offense conduct statement the government provided. The offense conduct statement where the government said we're not seeking obstruction, we're going to recommend acceptance. And the government, I believe, did that because of the paragraph in the plea agreement that says the parties can provide all relevant information to the probation office. When the government changed its mind on obstruction and on acceptance for the first time on April 1st, 2020, the government said, quote, in light of recently discovered information, end quote, that it was going to change its guideline calculations. Now, recently discovered could mean I recently discovered something that happened pre-plea or it could be recently discovered something that happened post-plea. Which is that? From my understanding of the offense conduct statement, again, this is at docket 414, page 60 to 61, what the government provided as far as information was it provided additional detail on pre-plea calls to SM. It didn't add information. I may have said add. I meant modified in that it clarified the number of calls that had been placed, but that was already in the offense conduct statement. And then it added several paragraphs saying that the defendant called SM post-plea, that there was a post-plea federal protective order, and that despite the uh, essentially, the government was saying that in light of that new information, the post-plea information, it was going to seek acceptance and likewise, excuse me, seek obstruction and likewise deny acceptance. And that also was permitted under the plea agreement. Paragraph 13 concerns acceptance and says that the government could oppose acceptance if Mr. Collins, quote, otherwise engages in conduct not consistent with acceptance. And so the government was allowed to at least advocate for those two positions. Those, uh, any breach... Maybe I'm missing something here, but if there was no breach of the plea agreement, why did the government appear to backtrack in its sentencing memo? Without having been there, Your Honor, I can't say with definitive certainty what the government said. In the sentencing memo that, you know, we're not going to seek an obstruction of justice or undue influence enhancement. From what I can tell, like you, just looking at the cold record, the government, from my understanding, discovered those phone calls on March 31st and then submitted the revised conduct statement a day later. By June 9th, the government had already decided not to seek obstruction anymore, but it was going to continue not to recommend acceptance. And then ultimately at sentencing, as you're pointing out, the government said no obstruction and two points acceptance. It seems to me they were trying to cure a breach. They may have been, and I can get to cure in a moment. I do think any breach here, as far as obstruction or acceptance, I do think ultimately was cured if there was a breach. But having said all of that, I think what was going on here was the government likely had an opportunity to review those calls in, with a little more time, decided that they were not actually obstructive conduct. And at the sentencing hearing, the district court judge asked the government if on the call he was trying to pressure a witness or modify her testimony, and the prosecutor said no, that's not what we have here. And so my reading of the record, at least, viewed in a bias towards the government, of course, suggests that what happened here was that the prosecutor had an opportunity to review those calls and understand that they weren't actually obstructive. You know what strikes me as odd here, it really does, is that you have the two sentencing memoranda from the part of the government, you've got the backtracking, you've got all that going on, and it seems to me that before anybody makes any decisions as to what they're going to do, I mean, my practice, the practice I observed mostly while I was doing trial work, was that the government would send information to the probation officer who's doing the pre-sentence officer who's doing the investigative report, it would go there. And then if the government thought that there was something that they needed to add to it, they would send a motion off to the judge that would say, you know, judge, we've become aware of these facts, and we think these facts are in breach of the agreement, and we intend to seek the loss of acceptance of responsibility, or we intend to seek obstruction of justice. Now the court's on notice, the court then sets on a hearing to determine has there been a breach or And then if there's not a breach, then we move on to the sentencing, and we ignore that everything that went before us, or we find there is a breach, and we'd say, we're sorry, but you're kind of on your own because of your conduct, Mr. Defendant, right? That's kind of how it goes, and it just seems to me that there was just this mad dash to throw it in front of the judge, and now how do you unring that bell? Well, I think as far as kind of the mad dash, I think the mad dash here, to some extent, happened when the defendant objected to the statements in the pre-sentence report, and again, the government was within its right under the plea agreement to provide the probation office all relevant information. He then objected, and I believe he objected to a lot of the stuff in the pre-sentence report because he thought the government had breached the plea agreement, and if that's accurate, that wasn't the correct response. If he thought it was a breach, he should have requested specific performance or asked to withdraw. He shouldn't have objected even or made frivolous objections. I think that's really where the mad dash happened here, and I think that's why the government responded to the factual objections in its sentencing memorandum. I would like to point out two classes of objections that I think are important to note just how kind of frivolous they were. One, the defendant objected to every paragraph in his criminal history. Two, he objected to giving minor victim B drugs. At docket 520, page 66 to 69, he objected to saying, quote, I never provided minor victim B drugs, despite the fact that in his plea agreement, he admitted to that. Well, there's any number of breaches on the defendant's part in the nature of the objections, and I don't dispute that. If you just look at what was raised and you compare the factual basis that was acknowledged, and then you look at the backtracking that occurs, that's a problem for the defendant. But really, the issue that we're making the argument that the defendant breached it first, but that hasn't been the government's argument. No, and that's not a winning argument based on this Court's case law, and I don't think it's an appropriate argument to make either, for the same reason I just said that if the defendant believed the government breached first, his job was not to double down and breach. It was to seek specific performance or to withdraw from the agreement. The government had the same opportunity if it perceived a breach on the defendant's part. Counsel, I'd like to turn to the issue of whether error analysis could be applied here. How do you read Moseley in terms of whether there are certain circumstances under which harmless error analysis can apply? I read Moseley to say that this Court has applied harmless error analysis before, but that Santabello does not condone such analysis. The Purser case cited in the government's brief, which is from the Fifth Circuit, does not apply. However, it does point out that curing is possible, and in Purser, the Fifth Circuit did actually find that the government had cured a breach. I'm not aware of any cases where this Court has found a cure, but again, that is something that's possible, and Purser relies on Supreme Court precedent in concluding that curing is a possibility. Here, I think any breach as far as obstruction, as far as acceptance, as far as undue influence was cured. Really, any breach whatsoever, because at the sentencing, the government stuck to all of its recommendations. It said it was not seeking obstruction. It stuck to the idea that there would be no undue influence enhancement, and it stuck to the idea that Mr. Collins could receive two points of acceptance. Now, it did not seek the third point of acceptance for the reasons being, and this is at Section Transcript, page 20, did not move for the third point because Mr. Collins did not withdraw his, what the government called, frivolous objections to the pre-sentence report until sentencing, and thus under Section 3E1.1 of the sentencing guidelines, he did not allow the government to allocate its resources efficiently, and did not timely manifest his conduct in accepting responsibility. And so, I don't think that breach could be cured, but I don't think it needed to be because I think it wasn't a breach. The government was within its rights to withhold that third point. I think there's some argument that even if cure is possible, that curing with the same judge may be problematic, and I'm not sure where I'm at on that. Could you address what your thoughts are on that? As a precedential matter, first, Your Honor, the defendant cites to no cases saying that when a district court finds a breach, it then needs to pass the case off to another district court judge. I believe the defendant is relying on cases from this court finding a breach and then remanding to a different judge, as the Supreme Court did in Santabello. So, I don't think as a precedential matter, there was anything telling the district court, I need to pass this off to somebody else. Now, whether as a matter of practice, the district court judge should pass off a case after a breach, arguably, I think that's something that should be left to the district court's discretion. Whether a district court judge has been impacted by a breach varies tremendously based on the character of the breach itself. And so, I don't know if this court should lay down a hard and fast rule that says the court has to pass it off. There may be arguments for that, prudential arguments for that, but I think as a practical matter, it would be best to allow district court judges to retain that discretion. With the rest of the time I have, I'd just briefly like to point out some of the distinguishing facts between the cases cited by the defendant. First, I'll mention in DeWitt, there was a specific provision in DeWitt, in the plea agreement that said the parties at sentencing can advocate for anything not discussed in the agreement. We don't have that here. Again, we have paragraphs 14 and 15, which control the information that I would describe as cut and dry issues, like drug quantity and firearms, not the squishy issues we have here of undue influence, acceptance, and destruction. Finally, in the last five seconds I have here, I'd just point out that the defendant in the district court never sought withdrawal of the plea agreement. If for any reason this court finds that there was a breach and that it was not cured, it should not grant withdrawal from the agreement. If anything, it should follow Santa Bello and this court's precedent and remand to the district court so that the district court can make the proper determination as to remedy. Thank you, Your Honor. I just wanted to clear a few things up. There is a circuit case law, I was looking through to find my citations there, but I think it's in the brief, that suggests that you can object to the pre-sentence report in order to preserve the status of the plea agreement. In other words, if there's something in the pre-sentence report which would counterindicate a stipulation in a pre-sentence report, you can object to that. That's what we did there. I think I also want to clear up some of the issues with the objections to the pre-sentence report. For example, the criminal history. Mr. Collins did not object that that was his criminal history, that he had those charges, that he was convicted of those things. What he objected to were the narrative portions that are taken from police reports by the probation office and just thrown into the PSR. You have to understand he has a criminal history that's like 15 pages long, so there were a lot of just things that were cut and pasted from police reports that were put in there. Of course, it's pretty clear that that's all hearsay information and it's subject to being objected to. I want to ask you about CURE. I think we briefly touched on that, but in the end, the only thing that your client didn't get was one acceptance of responsibility level. And it sounds to me like that's tied to all the objections and some of the post-plea conduct. And I just wonder whether this is maybe a really clear case of CURE in the end. Well, the reality is that the district court judge said that she was going to vary downward to account for the one level that the governor wouldn't give. So, I mean, I can't stand up here and say that basically he got what he bargained for at the end of the day because he did. The question is, does that matter? And I think under the case law, it doesn't matter. When the breach happens, the breach happens. We filed our objections to the PSR just to preserve things. It's maybe not clear whether the government had breached at that point, right? This is kind of one of those classic scenarios where you get into a plea agreement with the government and they've got two workarounds for their stipulations. One is we throw everything to the probation office and then they write up their report. We know full well it's going to be in there. And then the other is, well, we say just consider it under 3553A, right? Those are the classic workarounds in the plea agreements for the government and both of them are in this case. And it puts a defendant in a really tight spot in terms of how to respond to the things that come in the PSR and then subsequently down the road. But in this case, there's a pretty clear evidence of breach, at least in the sentencing memorandum. You know, yes, Mr. Collins got the benefit of his but unfortunately it doesn't really matter under our reading of the case law. Thank you. Thank you. And Mr. Sarcone, thank you very much for accepting the CJA appointment in this matter. We deeply appreciate it. Thank you, Your Honor. Thank you.